NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DAYANA LISSET HERNANDEZ-MONTERROSA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-1331<br><br>Agency No.<br>A208-893-708<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2024**
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

Petitioner Dayana Lisset Hernandez-Monterrosa, a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals' (BIA) decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her appeal from the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Before the IJ and BIA, Hernandez-Monterrosa sought relief as a member of the particular social group (PSG) "Salvadoran women viewed as property." Now before us, Hernandez-Monterrosa abandons that PSG and contends "[i]t is appropriate for this Court to consider this proposed social group simply as 'Salvadoran women.'" But any claim based on this new PSG is unexhausted because it was not presented to the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available . . . ."); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (holding that a petitioner is "deemed to have exhausted only those issues he raised and argued in his brief before the BIA"). Section 1252(d)(1) exhaustion is a mandatory claim-processing rule that the government properly raised. *See Umana-Escobar*, 69 F.4th at 550; *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). We therefore deny Hernandez-Monterrosa's petition on this claim.

2. Hernandez-Monterrosa failed to raise any other arguments in her opening

---

[1] Hernandez-Monterrosa also sought relief under the Convention Against Torture. She failed to challenge the IJ's ruling on that claim before the BIA and does not challenge it here.

brief. Any other potential claim is therefore waived. *See Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

**PETITION DENIED.**